UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 24-2018

Motion for: Withdraw as Counsel for Plaintiffs-Appellees Natasha Tagai and Brittany Reyes

Set forth below precise, complete statement of relief sought:

Brian J. Isaac seeks relief to withdraw as appellate counsel for Plaintiffs-Appellees Natasha Tagai and Brittany Reyes ONLY

Caption [use short title]

Amy Moore, Mia Lytell, Natasha Tagai, Emma Hopper, Brittany Hassen and Brittany Reyes

Plaintiffs-Appellees

-against-

Howard Rubin

Defendant-Counter-Claimant-Appellant

MOVING PARTY: _____    OPPOSING PARTY: _____

[x] Plaintiff          [ ] Defendant

[ ] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY: Brian J. Isaac, Esq.     OPPOSING ATTORNEY: Edward A. McDonald, Esq.

[name of attorney, with firm, address, phone number and e-mail]

Pollack Pollack Isaac & DeCicco, LLP          Dechert LLP

250 Broadway, Suite 600, NY, NY 10007        3 Bryant Park, 1095 Ave of the Ams, NY, NY 10036

Tel: 212-233-8100; bji@ppid.com              Tel: 212-698-3500; edward.mcdonald@dechert.com

Court- Judge/ Agency appealed from: EDNY USDJ Brian M. Cogan

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[ ] Yes [x] No (explain): Motion is to Withdraw. Defendant will not be prejudice by this motion.

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [x] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [x] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below?    [ ] Yes [ ] No
Has this relief been previously sought in this court?  [ ] Yes [ ] No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?  [ ] Yes [x] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  [ ] Yes [x] No  If yes, enter date: _____

Signature of Moving Attorney:

_Breuer_ /s/  Date: October 14, 2024    Service : [x] Electronic [x] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**UNITED STATES COURT OF APPEAL**
**FOR THE SECOND CIRCUIT**
-------------------------------------------------------------------X    **Docket No. 24-2018**

AMY MOORE, MIA LYTELL, NATASHA TAGAI,
EMMA HOPPER, BRITTANY HASSEN and
BRITTANY REYES,

                     Plaintiffs-Appellees,

STEPHANIE CALDWELL,

Plaintiff-Counter-Defendant-Third-Party Defendant,

    -against-

HOWARD RUBIN,

              Defendant-Counter-Claimant-Appellant,

JENNIFER POWERS,

  Defendant-Third-Party Plaintiff-Counter-Claimant,

YIFAT SCHNUR, STEPHANIE SHON, BLUE
ICARUS, LLC, DOE COMPANY and JOHN DOE,

               Defendants.
-------------------------------------------------------------------X

### DECLARATION OF BRIAN J. ISAAC IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS NATASHA TAGAI AND BRITTANY REYES

      Brian J. Isaac, Esq., a member of the law firm of Pollack Pollack Isaac & DeCicco, LLP, current attorneys for Plaintiffs-Appellees (1) Amy Moore, (2) Natasha Tagai, (3) Emma Hopper, and (4) Brittany Reyes, respectfully submits this motion seeking an order granting permission to be relieved as counsel of record for (1) Natasha Tagai, and (2) Brittany Reyes.

      Briefly, this is an action where Defendant-Counter-Claimant-Appellant Howard Rubin ("Mr. Rubin") hired women, including the Plaintiffs in this action, to travel to New York City to engage in sadomasochistic conduct and practices known as "BDSM." Even though the plaintiffs

were generally aware of the nature of these compensated trips, Mr. Rubin escalated his behavior to the point that he committed acts and engaged in conduct that were not consented to by Plaintiffs.

Plaintiffs commenced an action in the District Court for the Southern District of New York, alleging that Mr. Rubin violated the Trafficking Victims Protection Act (the "TVPA"), 18 USC §1591(a), along with common law claims. The case went to trial on all of the Plaintiffs' TVPA claims and some of the common law claims of Plaintiffs Ms. Tagai and Ms. Moore. At the end of the trial, the jury found Mr. Rubin liable for violating the TVPA as to each Plaintiff and in favor of Ms. Moore on her battery claim. The jury awarded each plaintiff $500,000 in compensatory damages, and $120,000 in punitive damages. Ms. Moore received $500,000 in compensatory damages, and $250,000 in punitive damages.

Mr. Rubin moved in the lower court for judgment as a matter of law pursuant to Federal Rule of Civil Procedure Rule 50, or, in the alternative, a new trial. The court denied his motion after considering Mr. Rubin's numerous legal points, including his main argument that neither the language nor the purpose of the TVPA fit the facts of this case. The court determined that the language and purpose of the TVPA applied to the facts of this case, and that Mr. Rubin's remaining points were without merit. The court therefore denied Mr. Rubin's motion.

Defendant appealed from the memorandum decision and order with the filing of a Notice of Appeal on July 26, 2024 (**Exhibit A**).

Recently, on September 14, 2024, our office was retained by Ms. Moore to handle the appeal on her behalf.

On September 16, 2024, Ms. Hooper retained our office to handle the appeal on her behalf.

On September 19, 2024, our office was retained by Ms. Tagai and Ms. Reyes to handle the appeal on their behalf. However, on September 24, 2024, Ms. Tagai contacted our office and

informed us that she will no longer need our services regarding the appeal. On September 27, 2024, Ms. Reyes contacted our office to inform us that she will no longer need our services for the appeal (see **Exhibit B**, Affidavit of Danielle Henderson).

"Under New York law, a client may discharge her attorney at any time, with or without cause" (Holcombe v. Matsiborchuk, 747 Fed. Appx. 875 [2d Cir. 2018]; see Garcia v. Teitler, 443 F3d 202, 211 [2d Cir. 2006] ["Under New York law, an attorney may be dismissed by a client at any time with or without cause"]; Campagnola v. Mulholland, 76 NY2d 38, 43 [1990] [distinguishing attorney-client relationship with other types of contracts and stating "it is well established that notwithstanding the terms of the agreement between them, a client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney"]).

Pursuant to the New York Rules of Professional Conduct (see 22 NYCRR §1200), "[e]xcept as stated in [Rule 1.16(d)], a lawyer shall withdraw from the representation of a client when . . . the lawyer is discharged" (NY Rules of Professional Conduct, Rule 1.16[b][3]).

Rule 1.16(d) provides that "[i]f permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission" (NY Rules of Professional Conduct, Rule 1.16[d]; see In re Yan, 390 Fed. Appx. 18 [2d Cir. 2010] ["[c]ounsel of record may not end the representation of a client without taking affirmative action"]).

Furthermore, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation" (id.; cf. Second Circuit Local Rule 4.1[a]-[d] [setting forth procedures for attorney's withdrawal from a criminal appeal]).

Here, as set forth above, Plaintiffs-Appellees Ms. Tagai and Ms. Reyes have each decided to discharge us as their attorneys, and they have each communicated to us their decision to discharge us in clear and unequivocal language (<u>see</u> **Exhibit B**, Affidavit of Danielle Henderson). In light of the foregoing, your affirmant respectfully moves to be relieved as counsel for Plaintiffs-Appellees Natasha Tagai and Brittany Reyes only (<u>see</u> NY Rules of Professional Conduct, Rule 1.16[b][3]).

**WHEREFORE**, for the foregoing reasons, it is respectfully submitted that the within motion should be granted, and that this Court should issue any other relief it deems just and equitable.

Dated: New York, New York
   October 14, 2024

Respectfully submitted,

BY:   Brian J. Isaac, Esq.
    Pollack Pollack Isaac & DeCicco, LLP
    ***Appellate Counsel to Plaintiffs-Appellees***
    ***Amy Moore and Emma Hooper***
    250 Broadway, Suite 600
    New York, New York 10007
    Tel: 212-233-8100
    bji@ppid.com

4

CC:

Clerk of the Court

Edward A. McDonald, Esq.
Benjamin E. Rosenberg, Esq.
May Chiang, Esq.
Dechert, LLP
**_Attorneys for Defendant-Counter-Claimant-Appellant_**
**_Howard Rubin_**
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Tel: 212-698-3500
edward.mcdonald@dechert.com
benjamin.rosenberg@dechert.com
may.chiang@dechert.com

Natasha Tagai
**_Plaintiff-Appellee (via email)_**

Brittany Reyes
**_Plaintiff-Appellee (via email)_**

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMY MOORE, et al. | Case No.: 1:17-CV-06404 |
| *Plaintiffs*, | (BMC)(CLP) |
| -against- | **NOTICE OF APPEAL** |
| HOWARD RUBIN, et al., | |
| *Defendants*. | |

Notice is hereby given that DEFENDANT HOWARD RUBIN in the above-named action appeals to the United States Court of Appeals for the Second Circuit from (i) the Judgment entered in this action on the 12th Day of April, 2022 (ECF No. 407) ("the Judgment"), which ordered and adjudged that Plaintiffs Amy Moore, Mia Lytell, Natasha Tagai, Emma Hopper, Brittany Hassen, and Brittany Reyes shall have judgment against Defendant Rubin in certain amounts of compensatory and punitive damages; (ii) the Order entered in this action on the 19th Day of March, 2024 (ECF No. 425) ("the Order"), which denied Defendant Rubin's Motion Pursuant to Federal Rules of Civil Procedure 50(b) and 59 for Judgment as a Matter of Law or, in the Alternative, for a New Trial, filed on May 11, 2022 (ECF No. 413); and (iii) any and all orders and rulings that were adverse to Defendant and are merged within the aforementioned Judgment and Order. This Notice is timely pursuant to the Court's March 27, 2024 Order extending Defendant Rubin's time to appeal under Rule 58(e) of the Federal Rules of Civil Procedure.

Dated: New York, New York
       July 26, 2024

Respectfully Submitted,

DECHERT LLP

By: */s/ Edward A. McDonald*     

Edward A. McDonald
Benjamin E. Rosenberg
May K. Chiang
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
Tel.: (212) 698-3500
Fax: (212) 698-3599


SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

Michael J. Gilbert
Katherine Anne Boy Skipsey
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701

LITIGATION.18519165.1

# Exhibit B

**UNITED STATES COURT OF APPEAL**
**FOR THE SECOND CIRCUIT**
-------------------------------------------------------------------X   **Docket No. 24-2018**
AMY MOORE, MIA LYTELL, NATASHA TAGAI,
EMMA HOPPER, BRITTANY HASSEN and
BRITTANY REYES,

        Plaintiffs-Appellees,

STEPHANIE CALDWELL,

  **AFFIDAVIT OF**
  **DANIELLE HENDERSON**

Plaintiff-Counter-Defendant-Third-Party Defendant,

  -against-

HOWARD RUBIN,

    Defendant-Counter-Claimant-Appellant,

JENNIFER POWERS,

  Defendant-Third-Party Plaintiff-Counter-Claimant,

YIFAT SCHNUR, STEPHANIE SHON, BLUE
ICARUS, LLC, DOE COMPANY and JOHN DOE,

     Defendants.
-------------------------------------------------------------------X

  Danielle Henderson, affirms this 14th day of October 2024, under the penalties of perjury

under the laws of New York, which may include a fine or imprisonment, that the following is true,

and I understand that this document may be filed in an action or proceeding in a court of law:

  I am over the age of eighteen and make this affidavit based on personal knowledge.

  I am a paralegal at Pollack, Pollack, Isaac & DeCicco LLP, current appellate counsel to

Plaintiffs-Appellees (1) Amy Moore, (2) Natasha Tagai, (3) Emma Hopper, and (4) Brittany Reyes

in this action. I have been so employed since December 2013.

  I work within the firm's litigation department. My responsibilities include, but are not

limited to, opening cases and setting up the files, remaining in contact with our clients regarding

their cases, going through court calendars and diarying deadlines and appearances for all cases our department has open.

On September 14, 2024, our office was retained by Ms. Moore to handle the defendant's appeal as an appellee, on September 16, 2024, our office was retained by Ms. Hopper to handle the defendant's appeal as an appellee, on September 19, 2024, our office was retained by Ms. Tagai and Ms. Reyes to handle the defendant's appeal as an appellee. However, on September 24, 2024 and September 27, 2024, Ms. Tagai and Ms. Reyes informed us that they will no longer be needing our services for the appeal.

Upon receiving these emails from Ms. Tagai and Ms. Reyes, our office began preparing the within motion to be relieved as counsel for these two plaintiffs only.

**Dated: New York, New York**
**October 14, 2024**

**Danielle Henderson**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
         SS.:
COUNTY OF NEW YORK    )

       I affirm this 14th day of October 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law. I am over 18 years of age, I am not a party to the action, and I reside in Kings County in the State of New York. I served a true copy of the annexed ***Motion to Withdraw as Counsel for Plaintiffs-Appellees Natasha Tagai and Brittany Reyes*** via email and/or ACMS, addressed to the last known address of the addressee as indicated below:

       **Edward A. McDonald, Esq.**
       **Benjamin E. Rosenberg, Esq.**
       **May Chiang, Esq.**
       **Dechert, LLP**
       **Three Bryant Park**
       **1095 Avenue of the Americas**
       **New York, New York 10036**
       **edward.mcdonald@dechert.com**
       **benjamin.rosenberg@dechert.com**
       **may.chiang@dechert.com**

       **Natasha Tagai**
       ***Plaintiff-Appellee (via email)***

       **Brittany Reyes**
       ***Plaintiff-Appellee (via email)***

                                         Danielle Henderson

Docket No. 24-2018
UNITED STATES COURT OF APPEAL
FOR THE SECOND CIRCUIT

---

AMY MOORE, MIA LYTELL, NATASHA TAGAI, EMMA HOPPER, BRITTANY HASSEN and BRITTANY REYES,

Plaintiffs-Appellees,

STEPHANIE CALDWELL,

Plaintiff-Counter-Defendant-Third-Party Defendant,

-against-

HOWARD RUBIN,

Defendant-Counter-Claimant-Appellant,

JENNIFER POWERS,

Defendant-Third-Party Plaintiff-Counter-Claimant,

YIFAT SCHNUR, STEPHANIE SHON, BLUE ICARUS, LLC, DOE COMPANY and JOHN DOE,

Defendants.

---

# NOTICE OF MOTION

---

**POLLACK POLLACK ISAAC & DECICCO, LLP**
*Attorneys for the Plaintiffs-Appellees*
*Amy Moore and Emma Hopper*
250 Broadway, Suite 600
New York, NY 10007
(212) 223-8100

---

To:
Attorney(s) for

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contention contained in the annexed document are not frivolous.*

*Dated*: October 14, 2024        *Signature*: _____

*Print Signer's Name*: _____